## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**TRACY BARONE,**

    **Plaintiff,**

**v.**                                                                                   **No. 21-cv-0068 SMV**

**KILOLO KIJAKAZI,**[1]
**Acting Commissioner of the Social Security Administration,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Plaintiff's Opposed Motion to Reverse and/or Remand [Doc. 19], filed on September 1, 2021. The Commissioner responded on December 6, 2021. [Doc. 25]. Plaintiff replied on January 19, 2022. [Doc. 28]. The parties have consented to my entering final judgment in this case. [Doc. 21]. Having meticulously reviewed the entire record and being fully advised in the premises, the Court finds that the Appeals Council erred in failing to consider the October 8, 2020 medical source statement from Dr. Bissell. Accordingly, the Motion will be granted, and the case will be remanded for further proceedings. *See* 42 U.S.C. § 405(g) (sentence four) (2018).

## Applicable Law and Sequential Evaluation Process

In order to qualify for disability benefits, a claimant must establish that she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or

---

[1] Kilolo Kijakazi is the current Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted for Commissioner Andrew Saul as the Defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g) (2012).

mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a).

In light of this definition for disability, a five-step sequential evaluation process has been established for evaluating a disability claim. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920 (2012). At the first four steps, the claimant has the burden to show that: (1) she is not engaged in "substantial gainful activity"; and (2) she has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; and either (3) her impairment(s) meet or equal one of the "Listings"[2] of presumptively disabling impairments; or (4) she is unable to perform her "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(i–iv), 416.920(a)(4)(i–iv); *Grogan*, 399 F.3d at 1261. At the fifth step of the evaluation process, the burden of proof shifts to the Commissioner to show that the claimant is able to perform other work in the national economy, considering her residual functional capacity ("RFC"), age, education, and work experience. *Grogan*, 399 F.3d at 1261.

## Procedural Background

Plaintiff applied for a period of disability, disability insurance benefits, and supplemental security income on August 27, 2018. Tr. 21. She alleged a disability-onset date of August 27, 2018. *Id.* Her claims were denied initially and on reconsideration. *Id.* Administrative Law Judge ("ALJ") Jeffrey N. Holappa held a hearing on April 8, 2020. *Id.* "[D]ue to the extraordinary circumstance presented by the Coronavirus Disease 2019 (COVID-19) Pandemic," the hearing

---

[2] 20 C.F.R. pt. 404, subpt. P, app. 1.

was conducted by telephone. Tr. 44–45, 21. Plaintiff and her attorney appeared by telephone. Tr. 44–45, 21. The ALJ heard testimony from Plaintiff and an impartial vocational expert ("VE"), Karen N. Provine. Tr. 21, 77–82.

The ALJ issued his unfavorable decision on September 16, 2020. Tr. 35. He found that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2023. Tr. 24. At step one, he found that Plaintiff had not engaged in substantial gainful activity since August 27, 2018, her alleged onset date. *Id.* At step two, the ALJ found that Plaintiff suffered from the following severe impairments: right hip labral tear/ femoroacetabular impingement/ status-post repair (2019), left knee discoid lateral meniscus probably intrameniscal cyst, morbid obesity/ status-post bariatric surgery, chronic migraines, generalized anxiety disorder, major/ persistent depressive disorder, posttraumatic stress disorder, and adjustment disorder. *Id.*

At step three, the ALJ determined that none of Plaintiff's impairments, alone or in combination, met or medically equaled a Listing. Tr. 24–26. Because none of Plaintiff's impairments met or medically equaled a Listing, the ALJ went on to assess Plaintiff's RFC. Tr. 27–33. The ALJ found that Plaintiff could perform a limited range of light, semi-skilled work. *Id.* Specifically, he found that Plaintiff:

> has the [RFC] to perform light work as defined in 20 [C.F.R. §§] 404.1567(b) and 416.967(b) except: [Plaintiff] retains the functional capacity to perform light work, lift/carry up to twenty pounds occasionally and ten pounds frequently, [Plaintiff] can sit, stand and/or walk up to six hours each activity in an eight hour day, push/pull as much as lift/carry, but is limited to occasional climbing of ramps and stairs, never climbing ladders or scaffolds, and occasional balancing, stooping, kneeling, crouching and crawling. [Plaintiff] is further limited to no exposure to unprotected heights or moving mechanical parts. Finally, [Plaintiff] is limited to understanding, remembering, and carrying out simple and detailed, but not complex tasks further defined as semi-skilled work (SVP 4 or below), making semi-skilled work-related decisions, dealing with changes in a semi-skilled work setting,

>maintaining concentration, persistence, and pace for at least two hour intervals, frequent interactions with supervisors, and co-workers, and occasional interactions with the general public.

Tr. 27.

At step four, the ALJ found that Plaintiff was unable to perform her past relevant work as a nurse assistant. Tr. 33. Accordingly, the ALJ went on to consider Plaintiff's RFC, age, education, work experience, and the testimony of the VE at step five. Tr. 33–34. He found that Plaintiff could perform work that exists in significant numbers in the national economy and, therefore, was not disabled. Tr. 33–35.

Within a month after the ALJ issued his unfavorable decision (on September 16, 2020), Plaintiff obtained a medical source statement (or "report") from her treating physician Dr. Bissell (dated October 8, 2020), opining that Plaintiff was, essentially, disabled due to her hip problems. Tr. 13–17. She provided Dr. Bissell's report to the Appeals Council, requesting review of the ALJ's decision. Tr. 2. The Appeals Council determined that the report "[did] not show a reasonable probability that it would [have] change[d] the outcome of the [ALJ's] decision." *Id.* The Appeals Council did not exhibit the new evidence and, ultimately, denied Plaintiff's request for review on January 5, 2021. Tr. 1–5. Plaintiff timely filed the instant action on January 27, 2021. [Doc. 1].

## **Discussion**

Whether evidence qualifies for consideration by the Appeals Council is a question of law subject to de novo review. *Threet v. Barnhart*, 353 F.3d 1185, 1191 (10th Cir. 2003). Additional evidence should be considered only if it is new, material, and chronologically pertinent. 20 C.F.R.

§§ 404.970(a)(5), 416.1470(a)(5) (2020).[3]  Evidence is new "if it is not duplicative or cumulative" and material "if there is a reasonable possibility that [it] would have changed the outcome." *Threet*, 353 F.3d at 1191 (interpreting an older version of the regulation).  Evidence is chronologically pertinent if it relates to the time period adjudicated by the ALJ, which would be on or before the date of the ALJ's decision.  *Chambers v. Barnhart*, 389 F.3d 1139, 1142 (10th Cir. 2004).  After *Threet* was decided, the regulations were updated to require that "there [be] a reasonable *probability* that the additional evidence would change the outcome of the decision." §§ 404.970(a)(5), 416.1470(a)(5) (emphasis added).  This requirement heightens the claimant's burden to prove materiality: whereas the previous test required merely a reasonable *possibility* of changing the outcome, now it requires a reasonable *probability* of changing the outcome.[4]  *See Hawks v. Berryhill*, No. 1:17CV1021, 2018 WL 6728037, at *4 & n.5 (M.D.N.C. Dec. 21, 2018).

If the Appeals Council fails to consider qualifying new evidence, the case should be remanded so that the Appeals Council may reevaluate the ALJ's decision in light of the complete evidence.  *Threet*, 353 F.3d at 1191.  However, if the evidence submitted to the Appeals Council does not qualify, then the Appeals Council does not consider it, and it "plays no role in judicial review."[5]  *Krauser v. Astrue*, 638 F.3d 1324, 1328 (10th Cir. 2011).

---

[3] There is no apparent difference in the 2017 and 2020 versions of §§ 404.970(a)(5), 416.1470(a)(5).
[4] Though the current versions of §§ 404.970(b) and 416.1470(b) require a claimant to show good cause for her failure to present this new evidence earlier, the Appeals Council did not exclude the letters on the ground that Plaintiff lacked good cause, nor does the Commissioner argue that Plaintiff lacked good cause. *See* Tr. 2; [Doc. 25] at 10–12.
[5] If the Appeals Council does consider qualifying new evidence, that new evidence becomes part of the record, and a reviewing court reviews the ALJ's decision considering that new evidence even though it was not before the ALJ. *Vallejo v. Berryhill*, 849 F.3d 951, 956 (10th Cir. 2017); *O'Dell v. Shalala*, 44 F.3d 855, 859 (10th Cir. 1994) (citing *Castellano v. Sec'y of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994)).  Defendant argues that this Court's "only option" is to conduct a substantial-evidence and legal-error review of the ALJ's decision, taking into account the entire record, which would include Dr. Bissell's October-2020 medical source statement. [Doc. 25] at 11 (quoting *Vallejo*, 849 F.3d at 956).  Defendant would be correct, if the Appeals Council had considered the medical source statement (as it did in *Vallejo*, *id.* at 953).  But it did not.  In this case, the Appeals Council found that the report

Plaintiff argues that the Appeals Council did not consider the October 8, 2020 report from Dr. Bissell, even though it was new, material, chronologically pertinent, and would have probably changed the ALJ's decision that she was not disabled. [Doc. 19] at 24–25. Accordingly, Plaintiff asks the Court to remand the case to allow the Appeals Council to consider the report. *Id.* The Court agrees.

### Dr. Bissell's October 8, 2020 Medical Source Statement

Elena Bissell, M.D., began providing primary care to Plaintiff in 2017 and saw her every three months. Tr. 13. She authored the medical source statement at issue on October 8, 2020, which was retrospective to April 4, 2018, when Dr. Bissell had first referred Plaintiff to an orthopedist. Tr. 17. She listed Plaintiff's diagnoses of right labral tear and femoroacetabular impingement. Tr. 13. She explained that her report was based on Plaintiff's recent (December 2019) hip surgery and the MRI and x-rays taken by Plaintiff's orthopedist, Dr. Franco. *Id.* She opined that Plaintiff was limited to sitting and standing no more than 30 minutes at a time and for no more than two hours total in an eight-hour workday. Tr. 14–15. Dr. Bissell found that Plaintiff would need to be able to shift positions at will, take unscheduled breaks every hour, lift nothing more than ten pounds rarely, and be absent more than four days per month. Tr. 15. She assessed

---

did not qualify for consideration at all. This is evident in two ways. First, the Appeals Council found that the report "d[id] not show a reasonable probability" of changing the outcome. Tr. 2. Because "reasonable probability of changing the outcome" is a predicate requirement for consideration, §§ 404.970(a)(5), 416.1470(a)(5), 404.979 (2017), 416.1479 (2017), the Appeals Council could not have considered the report after determining that it did not show a reasonable probability of changing the outcome. *See Padilla v. Colvin*, 525 F. App'x 710, 712 (10th Cir. 2013) (applying the same analysis to determine whether the Appeals Council had considered new evidence). Second, the Appeals Council did not exhibit the evidence. Tr. 2. Accordingly, the task for this Court is to determine whether the Appeals Council erred in finding that Dr. Bissell's October 8, 2020 report did not qualify for consideration.

a complete inability to stoop, crouch, and climb ladders and found Plaintiff could only rarely twist and climb stairs. Tr. 15–16.

### 1. The medical source statement is new evidence.

Neither party disputes that the medical source statement is new. *See* [Doc. 19] at 24–25; [Doc. 25] at 10–12. Because Plaintiff did not present it to the ALJ, and because it is not duplicative or cumulative of the evidence already in the record, it qualifies as new.

### 2. The medical source statement is material and has a reasonable probability of changing the outcome.

Dr. Bissell's assessed exertional limitations are more restrictive than those assessed by the ALJ. *Compare* Tr. 14–17 (Dr. Bissell's opinion), *with* Tr. 27 (ALJ's RFC assessment). Dr. Bissell's limitations are based on diagnoses that the ALJ accepted (right labral tear and femoroacetabular impingement). The record contains no other examining opinion on Plaintiff's physical limitations. Nor does the record contain any other opinion rendered since Plaintiff's hip surgery. Defendant argues that Dr. Bissell's opinion is not consistent with the record, *see* [Doc. 25] at 10–12, but her arguments do not undermine the opinion's materiality. Dr. Bissell's medical source statement of October 8, 2020, has a reasonable probability of triggering a different outcome.

### 3. The medical source statement is chronologically pertinent.

The report relates to the time period adjudicated by the ALJ, i.e., the time before the ALJ issued his decision on September 16, 2020. *See Chambers*, 389 F.3d at 1142 (explaining chronological pertinence). The report was dated October 8, 2020, only 22 days after the ALJ's decision. Tr. 17. Dr. Bissell treated Plaintiff during the adjudication period as evidenced by her treatment records, which were before the ALJ. The report is based on Plaintiff hip problems,

which were plainly before the ALJ and not new. For these reasons, the Court finds Dr. Bissell's October 8, 2020 report to be chronologically pertinent.

## Conclusion

Dr. Bissell's October 8, 2020 report is new, material, and chronologically pertinent evidence. There is a reasonable probability that it would change the outcome. Because the Appeals Council improperly declined to consider it, the Court must remand the case to allow the Appeals Council the first opportunity to evaluate the ALJ's decision in light of the complete record. *See Chambers*, 389 F.3d at 1143; *Threet*, 353 F.3d at 1191.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Opposed Motion to Reverse and/or Remand [Doc. 19] is **GRANTED**. The Commissioner's final decision is reversed, and this case is remanded for further proceedings in accordance with this opinion. *See* § 405(g) (sentence four).

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**
**Presiding by Consent**